UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――

UNITED STATES OF AMERICA,

     Plaintiff,

v.

CROSS NICASTRO,

     Defendant,

and

E-TRADE SECURITIES, LLC,

     Garnishee.

―――――――――――――――――――――――――――

5:25-CV-1051
(DNH/ML)

APPEARANCES:

UNITED STATES ATTORNEY
 Counsel for the Plaintiff
100 South Clinton Street
Syracuse, New York 13261-7198

CROSS NICASTRO
 *Pro Se* Defendant
3720 Southside Road
Frankfort, New York 13340

E-TRADE SECURITIES, LLC
 Garnishee
Attention: Maxwell Tomcho
200 Hudson Street
Suite 501
Jersey City, New Jersey 07311

OF COUNSEL:

MELISSA O'BRIEN
ROTHBART, ESQ.
Assistant United States
Attorney

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION[1]

### I.    INTRODUCTION

On October 16, 2012, Defendant Cross Nicastro ("Defendant") was found guilty by a jury of conspiracy to impede the United States, to violate the Clean Water Act, to violate CERCLA, to obstruct justice, and to commit wire fraud, in violation of 18 U.S.C. § 371.  *United States v. Nicastro*, 5:11-CR-0264 (N.D.N.Y.) ("Crim. Dkt."), Dkt. No. 191; Dkt. No. 433.  On June 30, 2016, the Court issued an amended judgment as to Defendant, which included an order that he pay restitution in the amount of $300,000.00.  (Crim. Dkt. No. 433 at 5.)  Defendant's payments were to begin immediately in monthly installments of not less than $200.00.  (Crim. Dkt. No. 433 at 6.)  The Text Entry accompanying the amended judgment stated that Defendant "shall pay restitution in the amount of $300,000.00 to the victims due immediately."  (Crim. Dkt. No. 433.)

Defendant has a remaining balance of approximately $277,891.00.  (Dkt. No. 10, Attach. 1.)  In this civil action, the United States of America ("Plaintiff" or the "Government") seeks to garnish Defendant's interest in a brokerage account to satisfy his restitution obligation.  (Dkt. Nos. 1, 3.)

As relevant here, on or about August 22, 2025, Defendant filed an exemption claim and request for hearing.  (Dkt. No. 8.)  More specifically, Defendant argues that he is in full compliance with the existing restitution order of this court and the Government's current actions violate the existing order.  (Dkt. No. 8 at 3.)

---

[1]    This matter was referred to the undersigned for a Report and Recommendation pursuant to N.D.N.Y. L.R. 72.3(f).

The Government filed an opposition to Defendant's objection and hearing request.  (Dkt. No. 10.)  The Government asserts the following two arguments: (1) Defendant has not set forth any basis, raised any specific objection, or asserted a claim of exempt property that would entitle him to a hearing to contest the writ in this matter as specified in 28 U.S.C. § 3202(d); and (2) in any event, garnishment of the brokerage account is proper because (a) it is not subject to an exemption, and (b) the payment schedule set forth in the Court's Amended Judgment did not bar further collection efforts by the Government.  (*See generally* Dkt. No. 10.)

On August 27, 2025, the undersigned issued a text order directing the parties to file supplemental briefing on or before September 8, 2025.  (Dkt. No. 12.)  More specifically, the Court asked the parties to address "what court order required Defendant to make full and complete restitution immediately as opposed to the schedule set forth in the Amended Judgment, which directed that payments begin immediately . . . in monthly installments of not less than $200.00."  (Dkt. No. 12 [citing Crim. Dkt. No. 433 at 6].)

On September 8, 2025, the Government filed a letter brief in response to the undersigned's text order.  (Dkt. No. 13.)  The Government's supplemental briefing asserted the following three arguments: (1) this Court's text entry accompanying the Amended Judgment set forth that restitution was due immediately; (2) restitution is a statutory lien that automatically attaches notwithstanding any payment schedule; and (3) there has been a material change in Defendant's economic circumstances and Defendant has failed to notify the United States or this Court pursuant to the stipulated agreement and 18 U.S.C. § 3572(d).  (*See generally* Dkt. No. 13.)

To date, Defendant has failed to file any supplemental brief as directed.  (*See generally* docket sheet.)

For the reasons that follow, the undersigned recommends that the request for a hearing be denied and a final garnishment order be issued.

## II.    DISCUSSION

"The Mandatory Victims Restitution Act ["MVRA"] is one of several federal statutes that govern federal court orders requiring defendants convicted of certain crimes to pay their victims restitution."  *Lagos v. United States*, 138 S. Ct. 1684 (2018).  Under 18 U.S.C. § 3663A(a)(1) and (c)(1)(B), any offense "in which an identifiable victim or victims has suffered . . . pecuniary loss" must result in a court order that "the defendant make restitution to the victim of the offense."

18 U.S.C. § 3613(a) allows the Government to enforce a sentence of restitution against "all property or rights to property of the person fined."  To this end, 28 U.S.C. § 3205(a) permits courts to "issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."  Because these provisions are "broad," they indicate "that Congress meant to reach every interest in property" possessed by defendants.  *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 719-20 (1985).  In effect, "the Government, in seeking garnishment, steps into the defendant's shoes, 'acquir[ing] whatever rights [he] himself possesses.'"  *United States v. Shkreli*, 47 F.4th 65, 73 (2d Cir. 2022) (quoting *Nat'l Bank of Com.*, 472 U.S. at 725).

In addition, the Fair Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.* ("FDCPA") provides remedies for the Government to collect a judgment on a debt including restitution and criminal fines.  *See* 28 U.S.C. §§ 3001(a), 3002(3).

28 U.S.C. § 3202 states,

(d) Hearing.--By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy.  The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited—

(1) to the probable validity of any claim of exemption by the judgment debtor;

(2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted . . . .

28 U.S.C. § 3202(d).

The FDCPA states that a court "shall hold a hearing" upon a debtor's motion to quash a court's order granting a writ.  28 U.S.C. § 3202(d).  Despite this language, "courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation."  *United States v. Montijo*, 17-CR-0518, 2021 WL 2470507, at *4 (S.D.N.Y. May 19, 2021) (quoting *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008)) (denying motion for hearing "[s]ince [the] defendant's claimed exemptions are inapplicable as a matter of law to the garnishment at issue here, her objections are 'plainly without merit,' making an evidentiary hearing unnecessary."); *see also United States v. O'Brien*, 851 F. App'x 236, 240 (2d Cir. 2021) (summary order) (affirming denial of a § 3202(d) hearing because the defendant "failed to file any substantive objections to the writ by the deadline set by the district court and because his legal challenge to the garnishment order does not require any factfinding, but rather fails on the merits[.]"); *United States v. Jenkins*, 15-CV-0018, 2015 WL 5023731, at *5 (N.D.N.Y. Aug. 25, 2015) (Dancks, M.J.) (citation omitted) ("If the judgment debtor fails to 'set forth a colorable claim' regarding one of these issues, no hearing is warranted.").

After carefully considering the matter, I recommend that the Court deny Plaintiff's request for a hearing and issue an appropriate writ of garnishment.

First, I find that a hearing is not required because Defendant has not raised a meritorious challenge to the validity of an exemption or to the Government's compliance with statutory requirements. More specifically, Defendant has failed to identify one of the bases set forth in 28 U.S.C. § 3202(d) as cause for his objection. Hence, Defendant has not met his statutorily required burden, and I find that denial of the hearing is appropriate. 28 U.S.C. § 3014(b)(2).

Second, I find that as set forth by the Government, the brokerage account is not among those items exempt from levy and it is thus, proper to garnish those funds. (Dkt. No. 10 at 6.)

Moreover, I reject Defendant's assertion that because he is "in full compliance with the existing Restitution Order," the brokerage account may not be garnished. (Dkt. No. 8 at 1.) As the Government sets forth in their Letter, the text entry accompanying the Amended Judgment in the criminal action states that the full restitution amount is due immediately. (Crim. Dkt. No. 433.) In addition, the Amended Judgment itself states that payment is to begin immediately.[2] (Crim. Dkt. No. 433 at 6.)

The payment plan set forth in the Amended Judgment (Crim. Dkt. No. 433) does not restrict the Government from seeking the garnishment order because the installment payment schedule merely states that Defendant must pay "not less than $200.00" per month. (Crim. Dkt. No. 433 at 6.) Hence, the minimum payment schedule in Defendant's restitution order is not inconsistent with Defendant's obligation to pay the restitution amount in full immediately. *See*

---

[2]    However, in the future, to the extent that the Government utilizes form AO 245C for purposes of establishing a schedule of payments, it is encouraged to check box "A," which reads "In full immediately" for purposes of clarifying that the entire restitution amount is due in full immediately.

*United States v. Odimegwu*, 23-CV-0340, 2023 WL 5016163, at *4 (N.D.N.Y. June 8, 2023) (citing *United States v. O'Brien*, 851 F. App'x 236, 240-41 (2d Cir. 2001)) ("installment payment plan in criminal judgment did not bar District Court from issuing . . . garnishment order"); *see also United States v. Rand*, 924 F.3d 140, 143 (5th Cir. 2019) (holding that so long as the judgment contains nothing to the contrary, the Government may pursue immediate payment).

Pursuant to 28 U.S.C. § 3205(c), I find that the requirements of Section 3205 are met and recommend that the Court issue an appropriate writ of garnishment.

**ACCORDINGLY**, it is respectfully

**RECOMMENDED** that Defendant's motion for a hearing (Dkt. No. 8) be **<u>DENIED</u>**; and it is further respectfully

**RECOMMENDED** that Court **<u>ISSUE</u>** an appropriate writ of garnishment; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Report and Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[3]

---

[3]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: September 17, 2025
      Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[4]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2021 WL 2470507
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

UNITED STATES of America,

v.

Cristina MONTIJO, Defendant and Judgment Debtor.

17-CR-518 (BCM)
|
Signed 05/19/2021

**Attorneys and Law Firms**

Catherine Elaine Geddes, Assistant US Attorney, US Attorney's Office, New York, NY, for United States of America.

## ORDER

BARBARA MOSES, United States Magistrate Judge.

**\*1** Now before the Court is a motion by defendant Christina Montijo (Dkt. No. 33) for (i) a transfer of the pending civil garnishment proceeding in this action to the Southern District of California; and (ii) a hearing to decide the validity of her claims for exemption from garnishment. For the reasons set forth below, the motion is DENIED.

## Background

On January 17, 2018, Montijo pled guilty in this Court to bank theft in violation of 18 U.S.C. § 2113(b) and agreed to pay a total of $333,366 in restitution to her three victims. Montijo was sentenced to three years of probation, directed to perform 100 hours of community service, and ordered to pay 10% of her gross monthly income toward restitution. Judgment (Dkt. 24). Montijo was supervised in the Southern District of California, where she resides and is employed. Id. The Government reports that, during her 36 months of probation, Montijo made only 21 voluntary payments of $794 apiece, totaling $16,674, and did not make any voluntary payments after July 2020, although the Government recovered an additional $6,629 via the Treasury Offset Program. See Letter dated April 14, 2021 (Gov. Ltr.) (Dkt. No. 38) at 1. In total, the Government reports, Montijo has paid $23,303 in restitution, leaving $310,088 due and owing. Id.

On January 24, 2020, the Government applied to the district judge sitting in Part I of this Court, ex parte, for a writ of garnishment directed to defendant's employer, the San Diego Unified School District (the School District), to secure payment from her nonexempt disposable earnings pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3205(b). [1] The writ (Writ) (Dkt. No. 32; Dkt. No. 35-1) was issued on January 29, 2020, directing the School District to file an answer stating, "whether or not [it had] in [its] possession, custody or control any property owned by the debtor, including nonexempt, disposable earnings," and to retain such property. Writ at 2. On February 13, 2020, the Government served the Writ and related papers on the School District and the defendant by mail. (Dkt. No. 36-1.) Included in the service package was a Clerk's Notice of Post-Judgment Garnishment (Clerk's Notice) (Dkt. No. 35-2) explaining to the defendant, in substantially the form required by 28 U.S.C. § 3202(b), that "non-exempt earnings are being taken by the United States Government" but that "there are exemptions under the law that may protect some of this property from being taken by the Government, if you can show that the exemptions apply." Clerk's Notice at 1-2. A list of potential exemptions was attached. Id. at ECF pages 5-6. The Clerk's Notice further advised that the defendant could request a transfer to the district in which she resided. Id. at 2.

**\*2** Perhaps because of the COVID-19 pandemic, no answer was filed by the School District in 2020, and no garnishment commenced. The Government served the School District again, by email, on March 24, 2021 (Dkt. No. 36-2), and served defendant again, also by email, on April 8, 2021. (Dkt. No. 36-3.)

By letter dated April 6, 2021, received by the Clerk of Court on April 12 and filed on April 13, 2021, defendant requested a transfer of this action to "the Court in San Diego County ... to have a hearing about my case[.]" Mot. at 1. She explained, "[D]ue to the health situation in the country, I would prefer to have my hearing locally." Id. Defendant attached a Claim for Exemption Form in which she checked boxes to indicate that she believes the following exemptions apply: "Wearing apparel and school books," "[f]uel, provisions, furniture and personal effects," and "[b]ooks and tools of a trade, business, or profession." Def. Mot. at ECF page 6. Defendant does not otherwise challenge the Writ.

On April 1, the School District mailed copies of its Answer (Dkt. No. 37) to defendant and to the U.S. Attorney's Office

Case 5:25-cv-01051-DNH-ML    Document 15    Filed 09/17/25    Page 10 of 22

United States v. Montijo, Not Reported in Fed. Supp. (2021)

in this district, which filed the document on April 13, 2021. The Answer, which appears to be unsigned, reports that the School District employs defendant as a teacher and pays her monthly wages of $6243.59 after tax deductions and certain other voluntary and non-voluntary deductions. Defendant has made no objection to the Answer.

On April 14, 2021, the Government filed its letter-brief in opposition to defendant's transfer and hearing requests. It argues that because defendant "has claimed inapplicable exemptions for property neither held by the garnishee nor sought by the Government, she has not shown any grounds for a hearing in either district." Gov. Ltr. at 2.

### Analysis

The Government's efforts to garnish Montijo's wages are governed by the FDCPA, which it is entitled to use to collect unpaid restitution within the criminal case in which the defendant was originally convicted. *United States v. Cohan,* 798 F.3d 84, 89 (2d. Cir. 2015); *United States v. Greebel,* 2021 WL 1518341, at *2 (E.D.N.Y. Apr. 16, 2021). The FDCPA provides that within 20 days after a judgment debtor receives the prescribed Clerk's Notice, she may request a hearing, which shall be held "as soon as practicable," 28 U.S.C. § 3202(d), to determine, among other things, "the probable validity of any claim for exemption by the judgment debtor." 18 U.S.C. § 3202(d)(1). The statute further provides that "[i]f the debtor so requests, within 20 days after receiving the notice described in section ... 3202(b), the action or proceeding in which the writ ... was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2).

### A. Transfer

Two Circuits have held that a transfer of venue pursuant to § 3004(b)(2) is mandatory if the debtor makes a timely request. *United States v. Nash,* 175 F.3d 440 (6th Cir.1999); *United States v. Peters,* 783 F.3d 1361 (11th Cir. 2015). Both decisions rely on the use of the word "shall" in § 3004(b)(2), and further note that the purpose of the transfer provision is to make it possible for defendants – especially incarcerated defendants – to attend their FDCPA hearings. *Nash,* 175 F.3d at 443 ("In the interest of justice, courts want to provide criminal defendants with the opportunity for a hearing and do not want to impose an inconvenience or undue financial hardship on them by requiring that they ... travel far distances

to attend these hearings."); *Peters,* 783 F.3d at 1364 ("In cases where the convicted defendant is incarcerated, he is at the mercy of the court to make it possible for him to attend a requested hearing.")

**\*3**  Notwithstanding these decisions, many district courts have held – and continue to hold – that transfer is not mandatory, even when timely requested, because the FDCPA also grants district courts the plenary authority to "make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under the statute." 28 U.S.C. § 3013. *See, e.g., United States v. Green,* 2019 WL 2764394, at *2 (D. Kan. July 2, 2019) (quoting *United States v. Sethi,* 2014 WL 4651649, at *2 (D. Colo. Sept. 18, 2014)) (collecting cases and noting that "the 'great bulk of authority' " has found "that the statutory language of § 3004(b)(2) permits the district court to deny a transfer request if the government shows 'good cause' for the denial"); *United States v. Cranston,* 2014 WL 12607710, at *1 (C.D. Cal. Nov. 21, 2014) (quoting *United States v. Gipson,* 714 F. Supp. 2d 571, 576 (N.D. Va. 2010)) ("[T]he majority of federal courts to address this issue treat 'the FDCPA's transfer provision as not mandatory,' and instead find that it 'operates to shift the burden from the party requesting transfer ... to the party opposing transfer,' to show good cause for denying the transfer request."); *United States v. Matthews,* 793 F. Supp. 2d 72, 75 (D.D.C. 2011) (collecting cases and holding that transfer may be denied if "the government has shown good cause to deny the motion"). At least one judge of this Court has also held squarely, citing *Matthews,* that "transfer under Section 3004(b)(1) is not mandatory." Order of Garnishment, *United States v. O'Brien,* No. 11 Cr. 653, Dkt. No. 30 (S.D.N.Y. Sept. 27, 2019) (Pitman, M.J.), *affirmed on other grounds, United States v. O'Brien,* —— Fed. App'x ——, 2021 WL 1051540 (2d Cir. Mar. 19, 2021). [2]

Like Judge Pitman, I am persuaded that § 3004(b)(2) does not deprive this Court of its authority, under § 3013, to vary "the use of any enforcement procedure under the statute." Further, I find that that in this case there is good cause for denying the transfer request. First, defendant Montijo is not incarcerated. Second, because of the ongoing COVID-19 pandemic (which the Court assumes is the same "health situation" that defendant references in her transfer request), any necessary hearing could and would be held remotely, eliminating the risks and inconvenience of travel. Third, for the reasons discussed below, Montijo is not entitled to a hearing. The Court therefore declines to transfer all or any portion of this action to the Southern District of California.

### B. Hearing

Defendant seeks a hearing to determine "the probable validity" of her claims of exemption from garnishment. 28 U.S.C § 3202(d)(1). This is one of the "two narrow grounds" that a court may consider at such a hearing. *United States v. Shyrock*, 2020 WL 5908959, at *1 (D. Kan. Oct. 6, 2020) (quoting *United States v. Sanchez*, 2018 WL 1155989, at *2 (M.D. Fla. Feb. 2, 2018), *report and recommendation adopted*, 2018 WL 1136608 (M.D. Fla. Mar. 1, 2018)). The applicable exemptions are set out in "section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986." 18 U.S.C. § 3613(a); *see also United States v. Clark*, 990 F.3d 404, 406 (5th Cir. 2021) ("The restitution statute borrows these exemptions from the federal tax code."). They are the "sole exemptions available to a criminal debtor." *United States v. Melchor*, 2121 WL 651020, at *2 (M.D.N.C. Jan. 25, 2021), *report and recommendation adopted*, 2021 WL 633649 (M.D.N.C. Feb. 18, 2021). "Unless it is reasonably evident that the exemption applies, the debtor shall bear the burden of persuasion," at any hearing to determine the validity of the exemption(s) invoked. 28 U.S.C. § 3014(b)(2).

**\*4** The items of property described by defendant Montijo – "[w]earing apparel and school books," "[f]uel, provisions, furniture and personal effects," and "[b]ooks and tools of a trade, business, or profession" – are exempt from levy. *See* 26 U.S.C. § 6634(a)(1)-(3). However, the School District does not possess, and the Government does not seek to take, any of defendant's clothes, school books, fuel, provisions, furniture, personal effects, or tools of a trade. Rather, the Government proposes to garnish her disposable earnings, which according to the School District come to $6243.59 per month.[3] Thus, as in *United States v. Baxter*, defendant's "objection on this basis" must be denied. 2019 WL 2124219, at *1 (W.D. Wash. May 15, 2019); *accord United States v. Melchor*, 2121 WL 651020, at *2 (denying objection where "the Writ of Continuing Garnishment does not seek to garnish any such items, but instead seeks only a proper share of Defendant's earnings.")

"Although the [FDCPA] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (collecting cases); *accord United States v. Melchor*, 2121 WL 651020, at *3 (no hearing required where defendant "has not raised any viable exemption"); *United States v. Baxter*, 2019 WL 2124219, at *3 (no hearing required where defendant's "challenges based on property exemptions fail where none apply to this garnishment"). Since defendant's claimed exemptions are inapplicable as a matter of law to the garnishment at issue here, her objections are "plainly without merit," making an evidentiary hearing unnecessary.

### Conclusion

For the reasons stated above, defendant's motion for a transfer of venue and a hearing is DENIED.

The Court notes that the Government has not yet submitted an order of garnishment, nor set forth its calculation as to the amount to be garnished from defendant's paychecks. The Court will conduct a conference on **June 9, 2021, at 11:00 a.m.**, to address that issue, via teleconference. The call-in number is **888-557-8511**, and the passcode is **7746387.** At least three court days prior to the conference, the Government shall submit a proposed order of garnishment, with service upon defendant.

The Clerk of Court is respectfully directed to mail a copy of this Order to defendant Cristina Montijo at 3811 Chamoune Ave., San Diego, CA 92105.

**SO ORDERED.**

### All Citations

Not Reported in Fed. Supp., 2021 WL 2470507

---

**Footnotes**

**United States v. Montijo, Not Reported in Fed. Supp. (2021)**

Case 5:25-cv-01051-DNH-ML    Document 15    Filed 09/17/25    Page 12 of 22

1    According to the Government, the Application for Writ of Garnishment (Application) (Dkt. No. 35) was made "more than two years after the Court ordered restitution and six months after Montijo stopped making voluntary payments." Gov. Ltr. at 1. This suggests that defendant stopped making voluntary payments after July 2019, not July 2020. The Application stated that the amount due and owing as of January 24, 2020 was $323,045.76. Application at 1.

2    In *O'Brien*, the judgment debtor appealed the garnishment order, arguing that the district court "erred in denying his motion to transfer because a transfer is mandatory under the FDCPA." 2021 WL 1051540, at *2 The Second Circuit noted that the issue remains unsettled, but did not decide it, "because O'Brien's transfer motion was untimely." *Id.* Defendant Montijo's transfer request also appears to be untimely, in that it was made more than 20 days after she was first served with notice of the garnishment proceeding in 2020.

3    Section 303 of the Consumer Credit Protection Act (CCPA), 15 U.S.C. § 1673(a)(1), provides that "the maximum part of the aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed 25 per centum of his disposable earnings for that week." This limitation applies to collections under the FDCPA. *See* 18 U.S.C. § 3613(a)(3); *United States v. Greebel*, 2021 WL 1518341, at *5 n.4. The CCPA defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise[.]" 15 U.S.C. § 1672(a). "Disposable earnings" means "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld." 15 U.S.C.A. § 1672(b).

---

**End of Document**                                        © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2015 WL 5023731
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

UNITED STATES of America, Plaintiff,
v.
Joseph JENKINS, Defendant.

No. 6:15–CV–0018 (GTS/TWD).
|
Signed Aug. 25, 2015.

**Attorneys and Law Firms**

Hon. Richard S. Hartunian, U.S. Attorney for the Northern District of New York, William F. Larkin, Esq., Assistant U.S. Attorney, of Counsel, Syracuse, NY, for the United States.

Joseph Jenkins, Oriskany, NY, pro se.

*DECISION and ORDER*

GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this application for a writ of garnishment under 28 U.S.C. § 3205(b)(1), are Defendant's objection to the writ of garnishment, United States Magistrate Judge Thérèse Wiley Dancks' Report–Recommendation recommending that the Court overrule Defendant's objection to the writ of garnishment, and Defendant's Objections to that Report–Recommendation. (Dkt.Nos.13, 14.) For the reasons set forth below, the Report–Recommendation is accepted, and Defendant's objection to the writ of garnishment is overruled.

**I. RELEVANT BACKGROUND**

Because Magistrate Judge Dancks correctly summarized the factual and procedural history of this action in Part I of her Report–Recommendation and the parties do not object to that summary, the Court will not recite that information in this Decision and Order, which is intended primarily for the review of the parties; rather, the Court will respectfully refer the reader to Part I of the Report–Recommendation. (Dkt. No. 13, at 2–3.)

Generally, in her Report–Recommendation, Magistrate Judge Dancks rendered the following findings of fact and conclusions of law: (1) if a party objecting to a writ of garnishment fails to set forth a colorable claim regarding one of the three issues identified in 28 U .S.C. § 3205(c)(5), the Court need not hold a hearing with regard to the objection; (2) here, because Defendant does not (in his written objections to the writ of garnishment) set forth a colorable claim regarding one of the three issues identified in 28 U.S.C. § 3205(c) (5), he is not entitled to a hearing and his objection should be overruled; and (3) while Plaintiff never moved in the district court for a stay of enforcement of the judgment of conviction pending appeal, he did subsequently make two such requests in the Second Circuit (which have not yet been decided), and the Report–Recommendation expresses no opinion on whether or not this Court would have jurisdiction to consider such a motion now. (Dkt. No. 13.)

Generally, in his Objections to the Report–Recommendation, Defendant asserts the following three arguments: (1) the United States did not possess jurisdiction to enter a criminal judgment against him because there was pending, at the time, a previously filed criminal proceeding in a Canadian court; (2) the appeal that Defendant filed on November 18, 2014, from the criminal judgment issued on that same date deprives the Court of jurisdiction over the United States' application for a writ of garnishment filed on January 6, 2015, which is intended to satisfy that judgment; and (3) the standard for an injunction is satisfied because he is likely to prevail on the merits of his case (for the first reason set forth above), and there exist sufficiently serious questions going to the merits to make them a fair ground for litigation, taken together with a balance of hardships tipping decidedly toward him (because the retirement funds that are sought to be garnished are not connected to any alleged wrongdoing and are needed by him to retain the counsel of his choice). (Dkt. No. 14.) In addition, Defendant attempts to adduce a supporting "affidavit" that asserts, *inter alia,* that the public defender representing him at trial "neglected" to file a motion for a stay of the enforcement of the judgment against him. (Dkt. No. 14, at 7, ¶ 4.)

**II. STANDARD GOVERNING REVIEW OF A REPORT–RECOMMENDATION**

**\*2** When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for

the objection." N.D.N.Y. L.R. 72.1(c). [1] When performing such a *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. [2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.,* 04–CV–0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug.15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley,* 752 F.Supp.2d 311, 312–13 (W.D.N.Y.2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed.R.Civ.P. 72(b)(2),(3); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *2–3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion,* 175 F.3d 1007 (2d Cir.1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review. [3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* [4]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C).

## III. ANALYSIS

**\*3** After carefully considering the matter, the Court accepts and adopts the findings and conclusions rendered by Magistrate Judge Dancks for the reasons stated in her Report–Recommendation. To those reasons, the Court adds only three points.

First, in his Objections, Defendant does not set forth any *specific* objection to a portion of a Magistrate Judge Dancks' Report–Recommendation. Moreover, Defendant's deprivation-of-jurisdiction argument could have been, but was not, presented to Magistrate Judge Dancks in the first instance. (*Compare* Dkt. No. 14, at 2–3 [Objection to Report–Recommendation] *with* Dkt. No. 7 [Objection to Writ of Garnishment].) As a result, the Magistrate Judge Dancks' Report–Recommendation need be subjected to only a clear-error review, which it easily survives.

Second, Defendant's attempt to adduce an affidavit during the Objection phase of this proceeding fails for two alternative reasons: (a) as an initial matter, his "affidavit" is neither notarized nor verified pursuant to 28 U.S.C. § 1746; and (b) in any event, he has not shown that the "affidavit" could not have been presented to Magistrate Judge Dancks before she issued her Report–Recommendation (*see, supra,* Part II of this Decision and Order).

Third, even if the Court were to subject Magistrate Judge Dancks' Report–Recommendation to *de novo* review (which it declines to do, as a threshold matter), it would find that the Report–Recommendation survives that review. In support of his argument that the Court has been deprived of jurisdiction, Plaintiff appears to rely on *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), wherein the Supreme Court stated that "the filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (Dkt. No. 14, at 2–3.) In *Griggs,* the Supreme Court was addressing only the *general* rule. *See, e.g., Lindsey v. Clark,* 12–CV–0923, 2014 WL 5817010, at *2 (W.D.Wis. Nov.10, 2014) (referring to the language from Griggs as "the general rule," and explaining that, "[h]owever, the district court retains jurisdiction over 'ancillary questions' that are not the matters appealed"). The *particular* rules in this circumstance are set forth in Fed. R.App. P. 8(c) and Fed.R.Crim.P. 38(c),(e), which, rather than providing that a district court is automatically deprived of jurisdiction upon the filing of an appeal, provide that a stay of a sentence to pay a fine or restitution pending an appeal may be obtained only

if certain requirements are met (none of which have been met in this case). [5] As a magistrate judge in the District of North Dakota observed,

> [T]he federal courts have long held that parties may proceed to execute upon a monetary judgment notwithstanding a pending appeal of the judgment-a rule that is applied in both civil and criminal cases.... In fact, the ability to execute upon a monetary judgment notwithstanding a pending appeal is implicitly recognized by ... Fed.R.Crim.P. 38(c) & (e), which provide civil and criminal judgment debtors, respectively, the opportunity to seek a stay of enforcement of the judgment, or other appropriate relief, pending appeal.... The federal courts have also long considered execution of a civil or criminal judgment to be an ancillary proceeding such that the district courts are not divested of jurisdiction by the filing of an appeal and are free to issue orders in aid of execution that has not been stayed.... Thus, even if Kieffer is challenging on appeal the criminal judgment, the entitlement to restitution, and/or the restitution amount, this court may continue to exercise jurisdiction over collateral matters not directly involved in the appeal, including, here, the issuance of orders with respect to the application for garnishment.

**\*4** *United States v. Kieffer,* 08–CR–0054, 2010 WL 2231806, at \*3–4 (D.N.D. Apr.28, 2010), *adopted by* 2010 WL 2231804 (D.N.D. May 28, 2010).

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Dancks' Report–Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's objection to the writ of garnishment (Dkt. No. 7) is **OVERRULED.**

---

### *REPORT–RECOMMENDATION*

THÉRÈSE WILEY DANCKS, United States Magistrate Judge.

This matter was referred to the undersigned for report and recommendation by the Honorable Glenn T. Suddaby, United States District Judge. (Dkt. No. 12.) The United States has obtained a writ of garnishment against Defendant's assets held by garnishee Ameritrade Financial. (Dkt. No. 3.) Defendant objects to the writ. (Dkt. No. 7.) For the reasons discussed below, I recommend that the Court overrule Defendant's objections to enforcement of the writ.

### I. FACTUAL AND PROCEDURAL SUMMARY

On February 6, 2014, Defendant was convicted, after a jury trial, of one count of transportation of child pornography and one count of possession of child pornography. *United States v. Jenkins,* Case No. 5:11–CR–0602 (GTS), Dkt. No. 151. On November 12, 2014, Defendant was sentenced to a term of imprisonment of 225 months, 25 years of supervised release, $12,000 in restitution, a $200 special assessment, and a fine of $40,000. *Id.* at Text Min. Entry Nov. 12, 2014. Judgment was entered on November 18, 2014. *Id.* at Dkt. No. 189.

Defendant filed a Notice of Appeal on November 18, 2014. *United States v. Jenkins,* Case No. 5:11–CR–0602, Dkt. No. 192. He filed the appeal on November 19, 2014, and it was assigned Second Circuit Case No. 14–4295.

On January 6, 2015, the United States commenced this civil case by applying for a writ of garnishment against Defendant's assets at Ameriprise Financial to satisfy the criminal judgment. *United States v. Jenkins,* No. 6:15–CV–0018, Dkt. No. 1. The Court issued the writ on January 9, 2015. *Id.* at Dkt. No. 3. The Clerk notified Defendant of the writ and advised him that he had "a right to ask the court to return [the] property ... if [he did] not owe the money to the Government that it claims [he did]." *Id.* at Dkt. No. 4.

On February 9, 2015, Defendant filed an objection to the writ of garnishment. *United States v. Jenkins,* No. 6:15–CV–0018, Dkt. No. 7. Defendant objected to the government and the Court "attempting to enforce the judgment ... pending outcome of the appeal" and stated that his criminal conviction was the result of "sham litigation." *Id.* Defendant requested a "(Rule 62(c)) [1] Injunction pending the appeal of the final judgment and order on case (6:15–CV–0018) against the enforcement of a United States judgment." *Id.*

Defendant's objection is now before the Court. (Dkt. No. 7.) The government has responded to the objection. (Dkt. No. 11.)

### II. ANALYSIS

**\*5** Defendant objects to the writ of garnishment. (Dkt. No. 7.) The party objecting to a writ of garnishment must state the grounds for the objection and bears the burden of proving

such grounds. 28 U.S.C. § 3205(c)(5) (2006). The court "shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable." *Id.*

> The issues at such hearing shall be limited-(1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to hearing on the issue, to—(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d). If the judgment debtor fails to "set forth a colorable claim" regarding one of these issues, no hearing is warranted. *See United States v. Miller,* 588 F.Supp.2d 789, 804 (W.D.Mich.2008);[2] *United States v. First Bank & Trust of E. Tex.,* 477 F.Supp.2d 777, 782–83 (E.D.Tex.2007).

Here, Defendant has filed written objections to the writ of garnishment. (Dkt. No. 7.) However, Defendant has not set forth a colorable claim entitling him to a hearing. Defendant has not asserted that the property is exempt from garnishment. He has not argued that the government failed to comply with any statutory requirement for the issuance of a writ of garnishment. Rather, Defendant argues that the judgment against him was "obtained under 'Fraud on Court' doctrine." (Dkt. No. 7 ¶ 4.) The judgment against Defendant was not obtained by default, so Defendant is not entitled to a hearing on the probable validity of the claim or the existence of good cause for setting aside the judgment. Therefore, it is recommended that the Court overrule Defendant's objection to the writ of garnishment.

The Court notes that the docket for Defendant's criminal case does not reflect that he ever moved pursuant to Federal Rule of Criminal Procedure 38 for a stay of enforcement of the judgment of conviction pending appeal. *United States v. Jenkins,* Case No. 5:11–CR–0602. Defendant did make two such requests to the Second Circuit, but the Court of Appeals has not yet acted on those requests. *United States v. Jenkins,* Case No. 14–4205, Dkt. Nos. 24 and 44. The undersigned expresses no opinion on whether or not this Court would have jurisdiction to consider a Rule 38 motion filed in Defendant's criminal case. *Compare United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982)) ("the filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal") *and Rakovich v. Wade,* 834 F.2d 673, 673–74 (7th Cir.1987) (citing, *inter alia,* United States v. El–O–Pathic Pharmacy, 192 F.2d 62 (9th Cir.1951)) (trial courts have a long established right "to make orders appropriate to preserve the status quo" while the case is pending in the appellate court).

**\*6 WHEREFORE,** it is hereby

**RECOMMENDED** that the Court overrule Defendant's objection (Dkt. No. 7) to the writ of garnishment.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. ***FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.*** *Roldan v. Racette,* 984 F.2d 85 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a).

Filed June 4, 2015.

### All Citations

Not Reported in F.Supp.3d, 2015 WL 5023731

## Footnotes

1   *See also Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

2   *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

3   *See Mario,* 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed.R.Civ.P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady,* 09–CV–0924, 2010 WL 3761902, at *1, n. 1 (N.D.N.Y. Sept.20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue,* 07–CV–1077, 2010 WL 2985968, at *3 & n. 3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole,* 04–CV–0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan.18, 2006) (Sharpe, J.).

4   *See also Batista v. Walker,* 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

5   For example, one of these requirements is that, before moving for a stay in the Second Circuit, Defendant has unsuccessfully moved for a stay in this Court or can show that such a motion would have been impracticable. The Court notes that this requirement applies regardless of whether the Court treats the relevant proceeding as civil in nature because that is the proceeding in which enforcement is sought (in which case Fed.R.Crim.P. 8[a][2] would apply) or criminal in nature because that is the proceeding in which an appeal was taken (in which case Fed. R.App. P. 8[c], would refer the Court to Fed.R.Crim.P. 38[c],[e], which would in turn refer the Court back to Fed. R.App. P. 8[a][2] ).

1   Federal Rule of Civil Procedure 62 allows for a stay of enforcement pending appeal of "an interlocutory order or final judgment that grants, dissolves, or denies an injunction." Fed.R.Civ.P. 62(c). Defendant is not challenging a civil order that grants, dissolves, or denies an injunction. Rather, he is challenging his criminal conviction and sentence. Thus, Rule 62 is inapplicable here.

2    One of the two versions of this decision available on Lexis contains only the district court's opinion. The "colorable claim" language appears in the magistrate judge's report and recommendation, available in the second version on Lexis. Only the version with the relevant language is available on Westlaw.

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 5:25-cv-01051-DNH-ML    Document 15    Filed 09/17/25    Page 19 of 22

United States v. Odimegwu, Not Reported in Fed. Supp. (2023)

2023 WL 5016163
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

UNITED STATES of America, Plaintiff,

v.

Anthony I. ODIMEGWU, Defendant,
The Vanguard Group, Inc., Garnishee, and
Ebelechukwu B. Odimegwu, Third-Party Defendant.

Case No. 1:23-CV-340 (TJM/ATB)
|
Signed June 8, 2023

**Attorneys and Law Firms**

MELISSA O'BRIEN ROTHBART, Asst. U.S. Attorney, for Plaintiff.

ANTHONY I. ODIMEGWU, Pro Se Defendant and Claimant.

EBELECHUKWU B. ODIMEGWU, Pro Se Third-Party Defendant and Claimant.

**ORDER and REPORT-RECOMMENDATION**

ANDREW T. BAXTER, United States Magistrate Judge

**I. Background** [1]

**\*1** On April 20, 2017, defendant, Anthony I. Odimegwu (hereinafter "the defendant"), pleaded guilty to conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). (Case No. 1:17-CR-62 (hereinafter "Criminal Dkt."), Dkt. No. 23 at 1). On September 10, 2018, Hon. Thomas J. McAvoy, Senior U.S. District Judge, sentenced defendant, ordering him, inter alia, to pay restitution to the victims of his crime in the amount of $215,200.00. (Id. at 2-3, 6).

On March 17, 2023, this court granted the government's application to issue a writ of garnishment against the defendant's property held by the Vanguard Group, Inc. (hereinafter "Vanguard" or "the garnishee"), as payment for defendant's restitution balance. (Case No. 1:23-CV-340 (TJM/ATB) (hereinafter "Civil Dkt."), Dkt. No. 3). Following required service of the writ (Civil Dkt. No. 7), Vanguard filed its answer on April 7, 2023, stating that it was in possession

of a 401(k) retirement account containing defendant's funds with a balance of $330,161.34 (Civil No. 8 at 6).

The government thereafter served, on the defendant and a potentially-interested third-party–plaintiff's estranged wife, Ebelechukwu B. Odimegwu–the writ, the garnishee's answer, and other required process, including the Clerk's Notice of Writ of Continuing Garnishment, which provided instructions regarding possible exemptions to garnishment and the right of claimants to file objections and request a hearing. (Civil Dkt. Nos. 1-3, 6-1, 9, 10). On May 5, 2023, third-party defendant Ebelechukwu B. Odimegwu (hereinafter "third-party defendant") filed an objection to the government's writ of garnishment directed at Vanguard and a request for hearing to address her objection. (Civil Dkt. No. 12). On May 11, 2023, defendant filed a similar objection to the government's writ of garnishment and a request for hearing. (Civil Dkt. No. 11). On May 24, 2023, the government filed a letter brief requesting that the court reject the objections of the defendant and third-party defendant to the writ of garnishment and deny their requests for a hearing. (Civil Dkt. No. 13).

This matter has been referred to me for Report and Recommendation by the Judge McAvoy, Senior U.S. District Judge. (Dkt. No. 17). For the reasons set forth below, this court recommends that Judge McAvoy reject the objections to the writ of garnishment, deny the requests for a hearing, and issue an Order of Garnishment directing the garnishee to turn over to the government funds under Vanguard's control.

**II. Applicable Law** [2]
The Mandatory Victims Restitution Act, 18 U.S.C. § 3663, et seq. (hereinafter "MVRA") governs sentencing in federal criminal cases. Under the MVRA, the government may enforce ordered restitution against all property and rights to property owned by the defendant. See 18 U.S.C. § 3613(a); 18 U.S.C. §§ 3613(f), 3664(m)(1) (government enforces restitution in the same manner as a criminal fine). Furthermore, an order of restitution constitutes a lien in favor of the United States against all property and rights to property of the defendant. See 18 U.S.C. § 3613(c). Section 3613 sets forth the procedures for the government to collect criminal financial judgments, such as restitution and criminal fines. That statute authorizes the government to enforce such debts in accordance with the practices and procedures under federal and state law for the enforcement of a civil judgment. See 18 U.S.C. § 3613(a); 18 U.S.C. §§ 3613(f), 3664(m)

(1)(A) (Section 3613 procedures apply to enforcement of restitution).

**\*2** The Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq. (hereinafter "FDCPA"), also provides the exclusive remedies for the government to collect a judgment on a debt, including restitution and criminal fines. See 28 U.S.C. §§ 3001(a), 3002(3). The government may enforce restitution through a writ of garnishment under the FDCPA. See 28 U.S.C. § 3205(c); United States v. Cohan, 798 F.3d 84, 89 (2d Cir. 2015) ("The government may enforce restitution orders arising from criminal convictions using the practices and [civil] procedures for the enforcement of a civil judgment under federal or state law as set forth in the [FDCPA]" including garnishment).

Courts throughout the country, including the Second Circuit, have consistently held that the government is entitled to garnish retirement funds to collect criminal restitution. See, e.g., United States v. Shkreli, 47 F.4th 65, 68 (2d Cir. 2022) ("[W]e hold that the MVRA permits the Government to garnish Greebel's retirement funds to compensate the victims of his crimes, notwithstanding the Employee Retirement Income Security Act of 1974 ("ERISA")'s anti-alienation provision."), cert. denied sub nom. Greebel, Evan V. United States, No. 22-583, ––– U.S. ––––, ––– S.Ct. ––––, ––– L.Ed.2d ––––, 2023 WL 3696133 (U.S. May 30, 2023); United States v. Hotte, No. 97-CR-669, 2007 WL 2891313, at *3 (E.D.N.Y. Sept. 28, 2007) ("[C]ourts have repeatedly held that ... provisions of ERISA and the Internal Revenue Code ... that generally preclude the assignment or alienation of pension benefits ... do not apply to the United States in its efforts to collect on a judgment of restitution" from retirement accounts) (collecting cases). "[T]he Government, in seeking garnishment, steps into the defendant's shoes, 'acquir[ing] whatever rights the [defendant] himself possesses.' " United States v. Shkreli, 47 F.4th at 73 (citing, inter alia, United States v. Nat'l Bank of Comm., 472 U.S. 713, 725, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985)).

18 U.S.C. § 3613(a)(1) lists the types of property that are deemed exempt from garnishment for purposes of enforcing restitution. In particular, Section 3613 provides that the government may enforce restitution against a defendant's property, except for ten of the thirteen exempt categories listed in the Internal Revenue Code, 26 U.S.C. § 6334(a). The defendant and third-party defendant claim an exemption from garnishment based on only one applicable category, described in the statute as follows:

> Judgments for support of minor children.--If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

26 U.S.C. § 6334(a)(8).

28 U.S.C. § 3202 of the FDCPA provides that the defendant in a garnishment action may request a hearing. However, the issues at such a hearing are limited by this statute. In particular, Section 3202(d) provides, in pertinent part:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy ... The issues at such hearing shall be limited –
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to –
>
> **\*3** (A) the probable validity of the claim for the debt which is merged in the judgment; and
>
> (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202. No hearing is required where a party fails to object based on one of the issues specified in 28 U.S.C. § 3202(d), "where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." United States v. Montijo, No. 17-CR-0518, 2021 WL 2470507, at *4 (S.D.N.Y. May 19, 2021) (citations omitted); United States v. Jenkins, No. 6:15-CV-0018 (GTS/TWD), 2015 WL 5023731, at *5 (N.D.N.Y. Aug. 25, 2015) (colorable claim to exemption required for hearing); United States v. Reuter, 849 F. App'x 382, 384 (3d Cir. 2021) (affirming entry of garnishment order without a hearing).

The garnishment statute also provides:

> (7) Disposition order.— After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property. If a hearing is timely requested, the order shall be entered within 5 days after the hearing, or as soon thereafter as is practicable.

28 U.S.C. § 3205(c)(7). If a hearing request is denied, the court may proceed to enter an order directing the garnishee as to the disposition of the garnished property. *See United States v. Montijo*, 2021 WL 2470507, at *4.

### III. Analysis

As noted, the only basis for the objections to garnishment in this case is the claim that the exemption for judgments for support of minor children applies. The defendant and third-party defendants have not raised any issues regarding the government's failure to comply with the requirements of the garnishment statute, and the government has documented its compliance with those requirements. (United States' Opposition to Objections, at 2-3, 5, Civil Dkt. No. 13).

The objections of the defendant and third-party defendant claim that the funds in defendant's retirement account do not belong to him, but instead belongs to his estranged wife and five children, as the result of a separation agreement that stipulated that those funds would be used for the children's education. (Civil Dkt. Nos. 11 at 1, 12 at 1). However, this claims is directly refuted by the documents filed in state court that both parties submitted as exhibits to their objections. The Judgment of Legal Separation between the defendant and his ex-wife clearly states that the defendant would maintain ownership of and control over his 401(k) retirement account. (Civil Dkt. Nos. 11-1 at 7, 12-1 at 16). Both the defendant and his ex-wife signed this document, attesting to the fact that the respondent (the defendant) would be "awarded [his] share of community property and community debt as listed below[,]" with the 401(k) retirement account at issue clearly listed as the

second item of property allocated to defendant. (*Id.*) Both the defendant and his ex-wife signed the document declaring that they knew and understood the terms of the Judgment. (Civil Dkt. Nos. 11-1 at 9, 12-1 at 18).

**\*4** Furthermore, the child support exemption does not apply because the objecting parties' finalized legal separation was executed after the criminal restitution judgment was entered. The defendant's criminal judgment was signed by Judge McAvoy on September 10, 2018, and the Judgment of Legal Separation was signed by the parties on April 3, 2019, nearly seven months after the government's lien on the defendant's property was perfected. (Compare Judgment of Legal Separation Agreement, Civil Dkt. Nos. 11-1, 12-1 with Judgment, Criminal Dkt. No. 23). As such, the "necessary circumstances [for an exemption] are absent in this particular case ... because [the separation decree] was obtained long after the Restitution Order entered." *United States v. Corso*, No. 3:05-CR-105, 2016 WL 3349213, at *5 (D. Conn. June 14, 2016) (stating that only "[j]udgments for support of minor children ... entered prior to the date of levy" are exempt) (citing 26 U.S.C. 6334(a)(8) and 18 U.S.C. § 3613(a)(1)).

The reliance of the defendant and third-party defendant on the child support exemption is directly contradicted by the documentary evidence they submitted and is contrary to the explicit statutory, temporal requirements for that exemption. Thus, they fail to make a colorable claim to an allowed exemption to garnishment and do not claim any of the other very limited grounds that would warrant a hearing. Accordingly, based on the authority cited above, the defendant's objections may be overruled without a hearing.

The objections note that the defendant has been making his minimum restitution payments of $100 per month. (Civil Dkt. Nos. 11 at 1, 12 at 1; Criminal Dkt. No. 23 at 7). However, the existence of this 401(k) retirement account demonstrates that the defendant is not complying with his court-ordered restitution obligation. The judgment specifically states that "[i]f at any time you have the ability to make full or a substantial payment toward restitution, you must do so immediately." (Criminal Docket, Dkt. No. 23 at 7). *See United States v. O'Brien*, 851 F. App'x 236, 240-41 (2d Cir. 2021) (installment payment plan in criminal judgment did not bar District Court from issuing lump sum garnishment order).

The defendant has not documented that he lacks the legal ability to satisfy his outstanding restitution balance of just under $200,000 (see Dkt. No. 13-1 at 1) through the

United States v. Odimegwu, Not Reported in Fed. Supp. (2023)

Case 5:25-cv-01051-DNH-ML    Document 15    Filed 09/17/25    Page 22 of 22

liquidation of his $300,000-plus retirement account; and yet he has chosen not pay restitution to the victims of his crime in accordance with the terms of Judge McAvoy's restitution order. Standing in the shoes of the defendant, as the MVRA permits, the government may make an election on his behalf to liquidate defendant's retirement account when he is eligible for a distribution, but has not elected to receive one. *United States v. Shkreli*, 47 F.4th at 73.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the objections of defendant Anthony I. Odimegwu and third-party defendant Ebelechukwu B. Odimegwu to the government's writ of garnishment directed at property of the defendant held by the Vanguard Group, Inc. (Civil Dkt. Nos. 11, 12), be **OVERRULED**, and the related requests of the defendant and third-party defendant for a hearing (*id.*) be **DENIED**, and it is further

**RECOMMENDED**, that, if Senior District Judge McAvoy accepts the prior recommendations, he enter a final order to direct the garnishee as to the disposition of property subject to the writ, [3] and it is

 **\*5 ORDERED**, that the Clerk of the Court serve copies of this Report-Recommendation on the defendant and third-party defendant, by mail to 26062 Bercaw Ct., Moreno Valley, CA 92555. [4]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Hum. Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**All Citations**

Not Reported in Fed. Supp., 2023 WL 5016163

---

### Footnotes

1    The government's letter brief includes a more detailed statement of the background of the matter now before this court. (Case No. 1:23-CV-340, Dkt. No. 13, at 1-3).

2    The statement of applicable law draws heavily from the government's letter brief.

3    Counsel for the government has offered to submit a proposed Order of Garnishment, should the court so direct. (Dkt. No. 13 at 13). In presenting such a proposed Order, the government should be prepared to address the impact of any excess of the value of defendant's retirement account over his outstanding restitution balance, any limitations on the defendant's ability to make withdrawals from his account, and any other relevant consequences of the liquidation of the account, including the potential effect of the ten-percent early withdrawal tax. *See Shkreli*, 47 F.4th at 73-76.

4    Third-party defendant Ebelechukwu B. Odimegwu has listed that as her address in her objections (Civil Dkt. No. 12 at 1). Defendant Anthony I. Odimegwu stated, in his objections, that he was "kind of homeless," but would get mail addressed to him as the Bercaw Ct. address, and would provide a permanent address "as soon as I get a house." (Civil Dkt. No. 11 at 1).

---

**End of Document**
© 2025 Thomson Reuters. No claim to original U.S. Government Works.